UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:23 CR 7 |
| | ) | |
| RAUL ISLAS-ROJAS | ) | |

## OPINION and ORDER

This matter is before the court on defendant Raul Islas-Rojas' motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 24.) For the reasons that follow, defendant's motion is denied.

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf. Any retroactive decrease in sentence pursuant to Amendment 821 may not go into effect until February 1, 2024.

In this case, defendant was sentenced to 30 months' imprisonment for illegal re-entry, in violation of 8 U.S.C. § 1326(a), (b)(1), to be followed by a two-year term of

supervised release, if not deported. (DE # 22.) On November 9, 2023, defendant filed a *pro se* motion for a reduction in sentence pursuant to Amendment 821. (DE # 24.) Pursuant to General Order 2023-32, this court has reviewed defendant's motion and determined that appointing the Federal Community Defender to represent defendant is not warranted, as the record reveals that defendant is not eligible for a reduction in sentence under Amendment 821.

First, defendant does not qualify for a reduction in sentence under Part A, which limits the impact of status points on certain offenders' criminal history calculation. The presentence investigation report ("PSR") indicates that none of defendant's criminal history points are status points. (DE # 15.) Defendant admits as much in his motion. (DE # 24-1.)

Second, defendant does not qualify for a sentence reduction under Part B, which provides for a decrease of two offense levels for certain offenders who did not receive any criminal history points. The PSR indicates that defendant received three criminal history points for a prior offense. (DE # 15.)

In summary, because defendant cannot make a showing that he is entitled to relief under Part A or Part B of retroactive Guidelines Amendment 821, the court **DENIES** his motion. (DE # 24). The court also **DENIES** his request for appointment of counsel.

                                                  **SO ORDERED.**

Date: December 5, 2023

                                            s/James T. Moody
                                            JUDGE JAMES T. MOODY
                                            UNITED STATES DISTRICT COURT